UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

AARON HARRIS,

                    Plaintiff,

        v.

NATIONAL RAILROAD PASSENGER
CORPORATION, d/b/a AMTRAK,

                    Defendant.

CASE NO. C18-0134 BHS

ORDER DENYING
DEFENDANT'S MOTION FOR A
PROTECTIVE ORDER AND
GRANTING PLAINTIFF'S
MOTION TO COMPEL

        This matter comes before the Court on Defendant National Railroad Passenger

Corporation's ("Amtrak") motion for a protective order, Dkt. 16, and Plaintiff Aaron

Harris's ("Harris") motion to compel, Dkt. 18. The Court has considered the pleadings

filed in support of and in opposition to the motions and the remainder of the file and

hereby denies Amtrak's motion and grants Harris's motion for the reasons stated herein.

## I.   PROCEDURAL AND FACTUAL BACKGROUND

        On December 18, 2018, Harris boarded Amtrak Train No. 501 originating in

Seattle, WA. About 40 miles south of Seattle, the train entered a corner at a high rate of

speed and derailed. On January 17, 2018, Harris filed a complaint against Amtrak. Dkt.

1-2. Harris asserts claims for negligence and a violation of Washington's Consumer

Protection Act, RCW Chapter 19.86 ("CPA"), and seeks "all economic and non-

economic damages along with all compensatory, pecuniary and exemplary damages." *Id.*

¶ 6.1.

On January 29, 2018, Amtrak removed the matter to this Court. Dkt. 1.

On February 26, 2018, Amtrak answered and conceded that it "will not contest

liability for compensatory damages proximately caused by the derailment of Train 501 on

December 18, 2017." Dkt. 12, ¶ 3.7.

On August 22, 2018, Amtrak filed a motion for a protective order. Dkt. 16.

Amtrak seeks an order that limits discovery to compensatory damages or, in the

alternative, defers discovery until after the National Transportation Safety Board

("NTSB") issues its final report on the accident. *Id.* On August 23, 2018, Harris filed a

motion to compel. Dkt. 18. On August 29, 2018, Harris responded to Amtrak's motion.

Dkt. 20. On August 31, 2019, Amtrak replied. Dkt. 22. On September 4, 2018, Amtrak

responded to Harris's motion. Dkt. 24. On September 7, 2018, Harris replied. Dkt. 27.

On October 11, 2018, Harris filed supplemental declarations and letters from the Office

of the General Counsel for the NTSB regarding the disclosure of investigative

information ("NTSB Letter"). Dkts. 29, 30.

## II. DISCUSSION

"Parties may obtain discovery regarding any nonprivileged matter that is relevant

to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P.

26(b)(1). However, "the court must limit the frequency or extent of discovery [if] . . . the

proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P.

26(b)(2)(C). "The court may, for good cause, issue an order to protect a party from . . .

undue burden or expense." Fed. R. Civ. P. 26(c)(1). When a defendant admits liability

for all damages caused to a plaintiff, the court may limit discovery to damages. *See*

*Broncel v. H & R Transp., Ltd.*, 2011 WL 319822, (E.D. Cal. Jan. 28, 2011) (holding that

plaintiff was not entitled to depose defendant Wilson because defendants had already

admitted liability); *Ayat v. Societe Air France*, 2008 WL 114936, (N.D. Cal. Jan. 8, 2008)

(holding further discovery into liability not warranted because defendant did not contest

liability and only asserted three affirmative defenses, all related to damages).

In this case, Amtrak's "discovery" motion is a thinly veiled motion for dispositive

relief. For example, Amtrak argues that the Court should apply "Washington law to the

issue of punitive damages and no discovery on this topic should be permitted." Dkt. 16 at

10–11. Choice of law, however, is an issue in this case, and Harris has shown that some

authority exists for the Court to allow punitive damages under another jurisdiction's law.

*See* Dkt. 20 at 9–11. To the extent punitive damages is an issue in this case, discovery

related to this issue is relevant, and Amtrak may only obtain a protective order if it

establishes that the requested discovery is disproportional to the needs of the case,

otherwise unduly burdensome or unnecessarily expensive, or lacks importance to the

issues at stake. Amtrak has failed to show that any of these circumstances warrant a

limitation on relevant discovery. The same is true of Amtrak's attempt to limit discovery

related to comparative fault. Therefore, the Court denies Amtrak's motion for a

protective order on the relevance of certain discovery.

Amtrak also seeks a stay of some discovery until the NTSB issues its final report. Dkt. 16 at 12. However, according to the NTSB Letter, Amtrak may disclose some information as long as it is subject to a protective order as explained in the letter. *See* NTSB Letter ("the NTSB no longer objects to disclosing some of the information requested as long as a protective order is in place"). Amtrak should produce this information in due course. Regarding other information, the NTSB directed Amtrak not to produce some information pursuant to its investigative hold. Amtrak should produce a privilege log of documents under hold and produce that log in due course. In any event, Amtrak has failed to show good cause for a stay of discovery pending the NTSB issuing a final report.

Based on the foregoing conclusions, the Court grants Harris's motion to compel discovery.

## III. ORDER

Therefore, it is hereby **ORDERED** that Amtrak's motion for a protective order, Dkt. 16, is **DENIED** and Harris's motion to compel, Dkt. 18, is **GRANTED**.

Dated this 18th day of October, 2018.

_____
BENJAMIN H. SETTLE
United States District Judge