THE HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

AARON HARRIS, individually,

                     Plaintiff,

     v.

NATIONAL RAILROAD PASSENGER
CORPORATION d/b/a AMTRAK,

                  Defendant.

Case No. 2:18-cv-00134-BHS

**DEFENDANT NATIONAL
RAILROAD PASSENGER
CORPORATION'S RESPONSE TO
PLAINTIFF'S MOTION TO
COMPEL INSURANCE DISCOVERY**

**NOTED ON MOTION CALENDAR:
JULY 12, 2019**

## I.    INTRODUCTION & RELIEF REQUESTED

Defendant National Railroad Passenger Corporation ("Amtrak") has never opposed production of insurance information so long as that production is consistent with the scope of Fed. R. Civ. P. 26(a)(1)(A)(iv).  Plaintiff requested supplementation of Amtrak's response to Request for Production No. 37 on June 27, 2019 and filed the instant motion on the same day. Amtrak is in the process of providing the insurance "tower" listing the various layers of its insurance coverage for this accident, which is far in excess of the $295 million liability cap on passenger claims.  *See* 49 U.S.C. § 28103.   To the extent an order is necessary, Amtrak respectfully requests that it be limited to providing its applicable insurance tower, which will provide relevant information to Plaintiff consistent with Fed. R. Civ. P. 26(a)(1)(A)(iv), and the total amount Amtrak has paid to date in passenger settlements, an amount that should be subject to the parties' protective order.

DEFENDANT NATIONAL RAILROAD PASSENGER
CORPORATION'S RESPONSE TO PLAINTIFF'S MOTION
TO COMPEL INSURANCE DISCOVERY - 1

019188.0396/7718352.1

**LANE POWELL** ᴘᴄ
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

## II.    FACTUAL BACKGROUND

Amtrak's initial disclosures clearly state that it is self-insured up to $20 million and that it has liability insurance far in excess of potential exposure arising out of the derailment. Dkt. #93 at 13.  Amtrak's discovery responses also state it has liability insurance in excess of $20 million. *Id.* at 7.  Furthermore, while Amtrak has now exhausted its $20 million self-insured retention, it has insurance in excess of the $295 million statutory cap.  Declaration of Michele Millsaps ("Millsaps Decl."), ¶ 2. None of Amtrak's insurers have made reservations of any rights under the responsive policies, nor is Amtrak aware of any other issues that might affect coverage. *Id.*

Plaintiff requested supplementation of Amtrak's initial response to Request for Production No. 37 on June 27, 2019 and filed this motion the same day. *See* Dkt. # 92, # 93 at 1-2.  Amtrak is in the process of gathering the responsive insurance tower and will produce it pursuant to the parties' protective order.  A number of settlements in passenger cases arising out of derailment have been reached, which are subject to confidentiality provisions.  Millsaps Decl. ¶ 4.

## III.    ARGUMENT

Amtrak has never opposed production of information regarding its available insurance coverage.  Insurance information is at the core of Plaintiff's Request No. 37, but the request also refers to a vague category of "all documents affecting coverage." Dkt. # 93 at 6.  There are no reservation of rights or other coverage issues, thus from Amtrak's perspective, there are no other responsive documents besides information regarding insurance coverage.

Nonetheless, Amtrak reads Plaintiff's motion as seeking information regarding the amounts of settlements that would have the effect of reducing the statutory liability cap for passenger claims.  The individual amounts of these settlements are confidential and protected by confidentiality agreements between the individual plaintiffs and Amtrak, but Amtrak is willing to provide Plaintiff with the aggregate amount of settlement payments to date that would affect the

DEFENDANT NATIONAL RAILROAD PASSENGER
CORPORATION'S RESPONSE TO PLAINTIFF'S MOTION
TO COMPEL INSURANCE DISCOVERY - 2

019188.0396/7718352.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

1  amount remaining under the statutory cap.  This approach respects the confidential nature of the

2  individual settlement agreements and the privacy rights of the persons who are parties to those

3  agreements, while providing Plaintiff and his attorneys with accurate information by which they

4  can understand the total amount of funds available to resolve passenger claims.

## IV. CONCLUSION

6      For the reasons above, Amtrak requests that to the extent an order is entered, the order

7  should require Amtrak to produce its insurance information as set forth in the relevant insurance

8  tower and the aggregate amount of passenger claim settlements that impact the statutory cap,

9  subject to the parties' protective order.

       DATED:  July 8, 2019

                          LANE POWELL PC


                          By  *s/ Tim D. Wackerbarth*
                              Tim D. Wackerbarth, WSBA No. 13673.
                              wackerbartht@lanepowell.com
                              Andrew G. Yates, WSBA No. 34239
                              yatesa@lanepowell.com
                              Warren E. Babb, Jr., WSBA No. 13410
                              babbw@lanepowell.com
                              Rachel B. Greenlee, WSBA No. 49873
                              greenleer@lanepowell.com

                              *Attorneys for Defendant National Railroad*
                              *Passenger Corporation*

DEFENDANT NATIONAL RAILROAD PASSENGER
CORPORATION'S RESPONSE TO PLAINTIFF'S MOTION
TO COMPEL INSURANCE DISCOVERY - 3

019188.0396/7718352.1

## CERTIFICATE OF SERVICE

Pursuant to RCW 9A.72.085, the undersigned certifies under penalty of perjury under the laws of the State of Washington, that on the 8th day of July, 2019, the document attached hereto was presented to the Clerk of the Court for filing and uploading to the CM/ECF system.   In accordance with their ECF registration agreement and the Court's rules, the Clerk of the Court will send e-mail notification of such filing to the following persons:

Robert N. Gellatly
David M. Beninger
Andrew Hoyal
Luvera Law Firm
701 Fifth Avenue, Suite 6700
Seattle, WA 98104-7016
robert@luveralawfirm.com
david@luveralawfirm.com
andy@luveralawfirm.com
Patti@LuveraLawFirm.com

Kevin P. Durkin
Sean P. Driscoll
Kristopher S. Riddle
Clifford Law Offices, P.C.
120 N. LaSalle Street, 31st Floor
Chicago, IL  60602
kpd@cliffordlaw.com
spd@cliffordlaw.com
ksr@cliffordlaw.com
NSoraghan@cliffordlaw.com

Executed on the 8th day of July, 2019, at Seattle, Washington.

*s/ Alisa R. Flabel*
Alisa R. Flabel, Legal Assistant

DEFENDANT NATIONAL RAILROAD PASSENGER
CORPORATION'S RESPONSE TO PLAINTIFF'S MOTION
TO COMPEL INSURANCE DISCOVERY - 4

019188.0396/7718352.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107