UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AARON HARRIS,<br><br>               Plaintiff,<br><br>   v.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION,<br><br>              Defendant. | CASE NO. C18-134 BHS<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL IN PART, REQUESTING STATUS REPORT, AND RENOTING MOTION |

This matter comes before the Court on Plaintiff Aaron Harris's ("Harris") motion to compel insurance discovery. Dkt. 92.

On January 17, 2018, Harris filed a complaint against Defendant National Railroad Passenger Corporation ("Amtrak") asserting claims for injuries sustained during a train derailment. Dkt. 1-2. On January 29, 2018, Amtrak removed the matter to this Court. Dkt. 1.

During discovery, Harris requested Amtrak produce "all insurance or indemnity agreements or policies, as well as any document affecting coverage (i.e. tenders, reservations of rights, denials, no limits, etc.)." Dkt. 93 at 6. On June 27, 2019, Harris

filed the instant motion requesting that the Court "compel Amtrak to fully disclose all remaining insurance limits and produce all documents responsive to" his request. Dkt. 92 at 3. Harris argues that Amtrak's settlements with other injured passengers is responsive to this request because "they may reduce the available insurance as well as the funds remaining under the statutory cap on liability, 49 U.S.C. § 28103." *Id.* at 2.

On July 8, 2019, Amtrak responded. Dkt. 97. First, Amtrak asserts that it "is in the process of providing the insurance 'tower' listing the various layers of its insurance coverage for this accident, which is far in excess of the $295 million liability cap on passenger claims." *Id.* at 1. Regarding settlements, Amtrak asserts that it will produce the total amount of settlements such that Harris will know the effect of those settlements on the statutory cap but opposes producing information on each individual settlement. *Id.* at 2–3.

On July 12, 2019, Harris replied and argued that he is entitled to information as to each individual settlement. Dkt. 99. On July 17, 2019, Amtrak filed a surreply asserting that (1) on July 10, 2019, it finally produced all of its insurance information and (2) on July 15, 2019, it "sent a letter to Plaintiff's counsel containing the total amount that Amtrak has expended on passenger claims under the statutory cap to date." *Id.* at 1–2.

In this case, there are two separate issues. First, it is unclear whether Amtrak's delayed production satisfies Harris's request for insurance information. On this issue, the Court requests a joint status report explaining whether Court intervention is necessary.

Second, the parties dispute Harris's entitlement to individual settlement information. On this issue, the Court finds that Harris's current request is beyond the

scope of his discovery request.  Thus, even if he is entitled to this information, he did not specifically ask for it in his discovery request.  To the extent Harris's motion seeks this individual information, the Court **DENIES** the motion in part.

The parties shall file a status report no later than August 2, 2019.  Failure to file a report or otherwise respond will result in denial of the motion.  The Clerk shall renote the motion for consideration on the Court's August 2, 2019 calendar.

**IT IS SO ORDERED**.

Dated this 29th day of July, 2019.

BENJAMIN H. SETTLE
United States District Judge