The Honorable Benjamin H. Settle

UNITED STATES DISTRICT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AARON HARRIS, individually,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK,<br><br>Defendant. | Case No. 2:18-cv-00134-BHS<br><br>PLAINTIFF'S MOTION TO COMPEL V.P. MEKO CONTINUATION DEPOSITION<br><br>NOTE ON MOTION CALENDAR:<br><br>FRIDAY, AUGUST 23, 2019 |

## I.  RELIEF REQUESTED

Plaintiff Harris respectfully requests orders compelling defendant Amtrak to produce its Vice President of Safety, Compliance and Training for Amtrak, Justin Meko, to complete his deposition.  Mr. Meko was one of the Delaware employees responsible for Amtrak's implementation of the FAST Act requirements.  His deposition was interrupted at Amtrak's request.  As Amtrak now refuses to present Mr. Meko for continuation, Plaintiff is forced to bother the Court for orders compelling the completion of his deposition.

## II.  RELEVANT FACTS

This action arises from the Amtrak passenger train derailment near Dupont, Washington

PLAINTIFF'S MOTION TO COMPEL
CONTINUATION OF MEDO DEPOSITION - 1
Case No. 2:18-cv-00134-BHS

LUVERA LAW FIRM
ATTORNEYS AT LAW

6700 COLUMBIA CENTER • 701 FIFTH AVENUE
SEATTLE, WASHINGTON 98104
(206) 467-6090

on December 18, 2017. Plaintiff purchased a ticket and boarded the train in Seattle. As a result of the derailment, he suffered traumatic brain injury and multiple broken bones, including spinal fractures.

Plaintiff originally filed this action in King County Superior Court. He alleged claims for fault, Consumer Protection Act (CPA) and punitive damages under *depecage* choice of law principles. Plaintiff also timely served discovery upon the Amtrak defendants, including requests focused on liability facts relevant to his asserted claims.

Amtrak removed this state action to federal court. Afterwards, Amtrak answered the complaint. It denied most of the factual and liability-based allegations in sections 3-4 of plaintiff's complaint. Dkt. 12, pgs. 2-3. It did not admit that it was negligent, reckless, at fault, in violation of the CPA, or that it acted with conscious disregard for the safety of its passengers and others. But rather, Amtrak denied most allegations, and simply stated that "Amtrak will not contest liability for compensatory damages proximately caused by the derailment of Train 501 on December 18, 2017." *Id.,* at ¶ 4.3.

Amtrak initially refused to answer any of the liability focused discovery. Plaintiff subsequently filed motions to compel that liability discovery, and Amtrak sought protection. Plaintiff's motion to compel was granted and Amtrak's requests for protection were denied.

In accordance with this Court's orders, the deposition of Justin Meko proceeded on May 20, 2019. Justin Meko is the Vice President of Safety, Compliance and Training for Amtrak. Declaration of Sean P. Driscoll, Ex. 1 at 11. He is in Delaware. As demonstrated by his own testimony, Mr. Meko was one of the individuals responsible for Amtrak's implementation of the FAST Act. Driscoll Decl, Ex. 1 at 65.

PLAINTIFF'S MOTION TO COMPEL
CONTINUATION OF MEDO DEPOSITION - 2
Case No. 2:18-cv-00134-BHS

**LUVERA LAW FIRM**
ATTORNEYS AT LAW

6700 COLUMBIA CENTER • 701 FIFTH AVENUE
SEATTLE, WASHINGTON 98104
(206) 467-6090

Unfortunately, Mr. Meko had a scheduling conflict that was not disclosed until the evening before his deposition. Counsel for Plaintiff learned of the time limitation for the first time the evening before. Amtrak limited his deposition to approximately two (2) hours. To accommodate his conflict, Plaintiff proceeded for approximately two (2) hours and reserved his right to continue the deposition of Mr. Meko to a later date. Driscoll Decl, Ex. 1 at 97-99. However, since then Amtrak has been unwilling to reschedule.

As it turned out, since the May 20th deposition, Amtrak has supplemented the court-ordered discovery multiple times, with thousands of pages of new documents, including hundreds of new e-mails regarding the FAST Act, Amtrak Train 501 and the new route that was initiated on December 18, 2017. This new production includes the "smoking gun' type emails to/from Mr. Tuffy in Delaware confirming their knowledge of the route initiation, the timetable and areas requiring speed reduction measures required by the FAST Act.

Specifically, Amtrak has made the following supplemental productions since May 20th:

- Production 10: 7/09, 5096 pages
- Production 11: 7/11, 2576 pages
- Production 12: 7/14, 3712 pages
- Production 13: 7/16, 2622 pages
- Production 14: 7/22, 1945 pages
- Production 15: 7/26, 1508 pages
- Production 16: 7/30, 5224 pages
- Production 17: 8/05, 2714 pages

Just since July 9, 2019, Amtrak's continued production has yielded 25,397 pages of documents.

As required, Mr. Driscoll as counsel for Plaintiff has participated in multiple meet and confers in an attempt to resolve this issue. Plaintiff has offered to complete the deposition in roughly an hour and by video conference. Driscoll Decl ¶3. This continued deposition is well within the scope of Federal Rule 30(d)(1) and is not overly burdensome to Amtrak. Yet those

PLAINTIFF'S MOTION TO COMPEL
CONTINUATION OF MEDO DEPOSITION - 3
Case No.  2:18-cv-00134-BHS

**LUVERA LAW FIRM**
ATTORNEYS AT LAW

6700 COLUMBIA CENTER • 701 FIFTH AVENUE
SEATTLE, WASHINGTON  98104
(206) 467-6090

offers have not been successful.  Plaintiff now, unfortunately, is required to seek the Court's involvement and assistance in compelling the completed deposition of V.P. Meko.

### III.   EVIDENCE RELIED ON

The Declaration of Sean P. Driscoll, with exhibits.

### IV.   ARGUMENT AND AUTHORITY

The Court has broad discretion to manage and allow discovery.  *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002); *Clark v. Capital Credit & Collection Services, Inc.,* 460 F.3d 1162, 1178-9 (9th Cir 2006).  That liberal discretion is guided by several principles, including that the scope of discovery is broad and a party should be permitted timely pursuit of potentially favorable information related to a claim, a defense or to respond to summary judgment. *Id.*  Mr. Meko

A party must respond to any discovery request that is not privileged and is "relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).  If a party refuses to respond to discovery, the requesting party "may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). "The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Cable & Computer Tech., Inc. v. Lockheed Saunders, Inc.*, 175 F.R.D. 646, 650 (C.D. Cal. 1997); see also *Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th Cir. 1975) ("Under the liberal discovery principles of the Federal Rules defendants were required to carry a heavy burden of showing why discovery was denied.").

PLAINTIFF'S MOTION TO COMPEL
CONTINUATION OF MEDO DEPOSITION - 4
Case No.  2:18-cv-00134-BHS

LUVERA LAW FIRM
ATTORNEYS AT LAW

6700 COLUMBIA CENTER • 701 FIFTH AVENUE
SEATTLE, WASHINGTON  98104
(206) 467-6090

This Court should allow additional time consistent with 26(b)(1) to fairly examine V.P. Meko. Plaintiff's courtesy in accommodating Mr. Meko's belated conflict should not be used to our disadvantage. (FRCP 30(d)(1)). As stated above, at the last minute, Plaintiffs were advised of the limited time to depose Mr. Meko and were denied the opportunity to fully question him regarding relevant and potentially relevant areas of inquiry. Moreover, the late document production identified above only lend further support for allowing the continued deposition of Mr. Meko. Plaintiff would be severely prejudiced by the denial of fully exploring Mr. Meko's knowledge of the derailment and the newly disclosed material while Amtrak moves for summary dismissal of the punitive damages and CPA claims.

### IV.  CONCLUSION

For the reasons stated above, plaintiff respectfully requests that the court compel the continued deposition of Amtrak V.P. Justin Meko.

DATED this 8th day of August, 2019.

LUVERA LAW FIRM

*/s/ David M. Beninger*
Robert N. Gellatly, WSBA 15284
David M. Beninger, WSBA 18432
Andrew Hoyal, WSBA 21349
701 Fifth Avenue, Suite 6700
Seattle, WA  98104
Telephone: (206) 467-6090
Facsimile: (206) 467-6961
robert@luveralawfirm.com
david@luveralawfirm.com
andy@luveralawfirm.com

CLIFFORD LAW OFFICES, P.C.
Sean P. Driscoll
Kristofer S. Riddle
(Limited Admission Pursuant to APR 8(b))
120 N. LaSalle Street, 31st Floor
Chicago, Illinois 60602

PLAINTIFF'S MOTION TO COMPEL
CONTINUATION OF MEDO DEPOSITION - 5
Case No.  2:18-cv-00134-BHS

**LUVERA LAW FIRM**
ATTORNEYS AT LAW

6700 COLUMBIA CENTER • 701 FIFTH AVENUE
SEATTLE, WASHINGTON  98104
(206) 467-6090

1
2
3  Telephone: (312) 899-9090
   Telephone: (312) 251-1160
   spd@cliffordlaw.com
   ksr@cliffordlaw.com

   Attorneys for Plaintiff Harris

4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

PLAINTIFF'S MOTION TO COMPEL
CONTINUATION OF MEDO DEPOSITION - 6
Case No.  2:18-cv-00134-BHS

**LUVERA LAW FIRM**
ATTORNEYS AT LAW

6700 COLUMBIA CENTER • 701 FIFTH AVENUE
SEATTLE, WASHINGTON  98104
(206) 467-6090

## CERTIFICATE OF SERVICE

I hereby certify that on the below date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Tim D. Wackerbarth
Andrew G. Yates
Warren E. Babb, Jr.
Katie Bass
Lane Powell, PC
1420 Fifth Avenue, Suite 4200
PO Box 91302
Seattle, WA  98111-9402
Telephone:  206.223.7000
Facsimile:  206.223.7107
wackerbartht@lanepowell.com
yatesa@lanepowell.com
babbw@lanepowell.com
greenleer@lanepowell.com

DATED this 8th day of August, 2019, at Seattle, Washington.

*/s/ Patti L. Bennet*
PATTI L. BENNETT
Paralegal
Luvera Law Firm
701 Fifth Avenue, Suite 6700
Seattle, WA  98104-7016
Telephone: 206.467.6090
Facsimile: 206.467.6961
patti@luveralawfirm.com

PLAINTIFF'S MOTION TO COMPEL
CONTINUATION OF MEDO DEPOSITION - 7
Case No.  2:18-cv-00134-BHS

**LUVERA LAW FIRM**
ATTORNEYS AT LAW

6700 COLUMBIA CENTER • 701 FIFTH AVENUE
SEATTLE, WASHINGTON  98104
(206) 467-6090