UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

AARON HARRIS,

              Plaintiff,

  v.

NATIONAL RAILROAD PASSENGER
CORPORATION d/b/a AMTRAK,

              Defendant.

CASE NO. C18-134 BHS

ORDER GRANTING IN PART
AND DENYING IN PART
DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT

This matter comes before the Court on Defendant National Railroad Passenger Corporation d/b/a Amtrak's ("Amtrak") motion for partial summary judgment on plaintiff's consumer protection act claim. Dkt. 94. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants in part and denies in part the motion for the reasons stated herein.

**I.   PROCEDURAL AND FACTUAL BACKGROUND**

Plaintiff Aaron Harris ("Harris") purchased a ticket to ride the Amtrak 501 train that left Seattle on December 18, 2017. Dkt. 118, ¶ 1. On the day of the trip, Harris paid $10.40 for a Lyft ride to the train station. *Id.* ¶ 3. On the way to Portland, the train

derailed and allegedly injured Harris. Sometime after January 4, 2018, Amtrak refunded the cost of Harris's ticket. *Id.* ¶ 4.

On January 12, 2018, Harris filed a complaint against Amtrak in King County Superior Court for the State of Washington. Dkt. 1-1. Harris asserts a claim of negligence for personal injuries and a claim under Washington's Consumer Protection Act ("CPA"), RCW Chapter 19.86. *Id.* On January 29, 2018, Amtrak removed the matter to this Court. Dkt. 1.

On June 27, 2019, Amtrak filed the instant motion for summary judgment on Harris's CPA claim. Dkt. 94. On July 29, 2019, Harris responded. Dkt. 114. On August 2, 2019, Amtrak replied. Dkt. 119. On August 8, 2019, Harris filed a surreply. Dkt. 129.

## II. DISCUSSION

### A. Summary Judgment Standard

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt").

*See also* Fed. R. Civ. P. 56(e).  Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial—e.g., a preponderance of the evidence in most civil cases.  *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630.  The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party.  The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim.  *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255).  Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed.  *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888–89 (1990).

**B.     Amtrak's Motion**

Amtrak moves for summary judgment on Harris's CPA claim on two grounds. First, Amtrak argues that Harris may not recover damages for personal injury under the CPA.  Dkt. 94 at 7–8.  This is a well-settled issue of law that Harris does not dispute. Therefore, to the extent that Harris seeks damages for personal injuries under the CPA, the Court grants the motion.

1         Second, Amtrak argues that Harris "has not produced evidence of the types of damages to 'business or property' that are recoverable under the [CPA]." Dkt. 94 at 4. In response, Harris submitted evidence of his injuries declaring that (1) he lost the use of his money between the date he purchased the ticket and the date Amtrak refunded the purchase price and (2) he paid for a ride to the train station the morning of his trip. Dkt. 118. In reply, Amtrak moves to strike Harris's declaration because he failed to timely disclose this evidence. Dkt. 119 at 3. Thus, Amtrak morphed this summary judgment motion into a discovery motion or a motion in limine. The Court declines to consider Amtrak's motion to strike because it is presented for the first time in a reply depriving Harris of the due process protections of notice and an opportunity to be heard.[1] Accordingly, the Court denies Amtrak's motion to the extent that Harris has failed to submit admissible evidence of his injury.

        In the alternative, Amtrak has refunded Harris's ticket cost and offers to pay his other alleged actual damages under the CPA. Dkt. 119 at 6. Amtrak argues that, once it pays Harris's actual damages, "there is simply no injury, and no grounds to permit plaintiff's CPA claim to move forward." Dkt. 94 at 10. Amtrak provides no citation for this position, and the Court finds it to be without merit. If Harris is able to prove his CPA claim, he may recover actual damages, treble damages (up to a maximum of $25,000),

---

[1] While motions to strike are proper in a reply, Local Rules W.D. Wash. LCR 7(g), this rule is generally used to strike evidence that is inadmissible. Here, Amtrak moves to strike under Fed. R. Civ. P. 26 and 37, which necessitates notice and an opportunity to respond. Moreover, Harris's surreply on this issue is improper because it includes substantive argument. However, to the extent that Harris seeks to strike Amtrak's discovery arguments, the Court declines to consider Amtrak's arguments.

attorney's fees, and statutory costs. *See* RCW 19.86.090.  Amtrak cites no authority for the proposition that paying the alleged actual damages precludes Harris from seeking these other forms of damages.  Moreover, Harris seeks "injunctive relief to protect the public." Dkt. 1-1, ¶ 6.2.  This request alone is sufficient to overcome summary judgment.  For example, if the jury finds that Amtrak engaged in the unfair and deceptive act of selling train tickets for a route that did not comply with the federal regulations governing preventative measures at certain speed reduction locations, bridges, or tunnels, then Harris may seek an injunction to prevent such future sales in Washington.  Therefore, the Court denies Amtrak's motion to the extent Amtrak asserts that Harris has been or will be reimbursed for his actual damages.

## III.  ORDER

Therefore, it is hereby **ORDERED** that Amtrak's motion for partial summary judgment on plaintiff's consumer protection act claim, Dkt. 94, is **GRANTED in part** and **DENIED in part** as stated herein.

Dated this 9th day of August, 2019.

_____
BENJAMIN H. SETTLE
United States District Judge