The Honorable Benjamin H. Settle

UNITED STATES DISTRICT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AARON HARRIS, individually,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK,<br><br>Defendant. | Case No. 2:18-cv-00134-BHS<br><br>STATUS REPORT ON RESETTING FOR TRIAL |

The parties file this status report on the October 4, 2019 deadline to reset the trial of this matter following the grant of a mistrial on September 6, 2019:

Plaintiff Harris' Position:  Plaintiff Harris proposes consolidating this case and resetting it for trial beginning January 28, 2020 with the *Linton, Vaughns* and *Mitchem* cases set for that date, and subject to the deadlines governing the *Linton, Vaughns* and *Mitchem* cases.  These cases all involve the same counsel, claims, and experts.  Thus, for the same reasons identified by the Court when it consolidated those cases, consolidating these cases for trial is appropriate "considering the related claims, experts and counsel, and the asserted efficiencies, economics and finding good cause".  *Mitchem v. Amtrak,* 3:18-cv-05366, Dkt 30, Order Consolidating.

STATUS REPORT ON RESETTING FOR TRIAL - 1
Case No.  2:18-cv-00134-BHS

**LUVERA LAW FIRM**
ATTORNEYS AT LAW

6700 COLUMBIA CENTER • 701 FIFTH AVENUE
SEATTLE, WASHINGTON  98104
(206) 467-6090

Alternatively, Plaintiff Harris proposes consolidating this case and resetting it for trial beginning February 25, 2020 with the *Rincon* (3:18-cv-05415-BHS) and *Barrett* (3:18-cv-05572-BHS) cases subject to the deadlines governing the *Rincon* and *Barrett* cases. These cases all involve the same counsel, claims, and overlapping experts. Thus, for the same reasons identified by the Court's consolidation order, consolidating these cases for trial is appropriate since the "cases involve common questions of law and fact warranting consolidation". *Barrett v. Amtrak,* 3:18-cv-05415, Dkt 26, Order Consolidating.

Plaintiff objects to but does not otherwise respond to "Amtrak's position" set out below, except to observe that, contrary to its prior agreements on consolidation, Amtrak asks that the Harris case and every other case arising out of the derailment should be subject to separate trials with separate juries for each case, and without providing a specific trial date for Harris, as requested by the Court.

<u>Defendant's Position</u>:   Defendant National Railroad Passenger Corporation ("Amtrak") objects to the consolidation of *Harris* with the *Linton, Vaughns* and *Mitchem* cases. On September 30, 2019, Plaintiffs improperly disclosed four new reports from physiatrist Richard Seroussi; Vocational Counselor Anthony Choppa, Economist Fredrick DeKay, and Biomechanist Toby Hayes. The Seroussi report documented the secret Labor Day examination of Mr. Harris that was the basis for the granting of a mistrial in Mr. Harris' case back in September 2019. The new Choppa and DeKay reports are, of course, predicated on the new Seroussi report documenting the secret Labor Day exam. The Hayes report is based on the trial testimony of Shauna Stern. Plaintiff should not be permitted to use his counsel's prior violation of the discovery rules that caused a mistrial, as previously determined by this Court, to support a request to join a previously scheduled trial of three different cases at the eleventh hour.

STATUS REPORT ON RESETTING FOR TRIAL - 2
Case No.  2:18-cv-00134-BHS

**LUVERA LAW FIRM**
ATTORNEYS AT LAW

6700 COLUMBIA CENTER • 701 FIFTH AVENUE
SEATTLE, WASHINGTON  98104
(206) 467-6090

Amtrak objects to the untimely reports and will be moving to strike each of them as they are clearly in violation of the disclosure requirements of Fed. R. Civ. P. 26(a) and this Court's scheduling order.[1]

Moreover, Amtrak has prepared and will be filing motions to sever the *Linton*, *Vaughns*, and *Mitchem* cases, as well as the *Barrett* and *Rincon* cases in light of the problems and resulting prejudice revealed in the course of the trial of the *Harris*, *Skyllingstad* and *Wilmotte* cases. At the August 20, 2019 pretrial conference for these cases, in response to Amtrak's legitimate concern about trying the cases consolidated, this Court stated "It seems logical that you present the medical testimony – the entire testimony of plaintiff, and then the medical testimony for the first plaintiff, sequentially that way." (Tr. 16). Critically, however, when it came time to actually put on their case, Plaintiffs' counsel did precisely the opposite – they called expert witnesses and fact witnesses regarding multiple plaintiffs on each trial day. Then plaintiffs called the three plaintiffs at the end of their case in an effort to use each plaintiff to build sympathy for the others. Finally, rather than allow separate closings for each case, over Amtrak's objection, the Court permitted plaintiffs' counsel to close on both cases together. Following their playbook to conflate the consolidated cases throughout the trial, plaintiffs' counsel then asked the jury for precisely the same amount for non-economic loss for Mr. Skyllingstad and Mr. Wilmotte, even though their injuries were completely different and their future prognosis was different with respect to the need for additional surgery. Not surprisingly, the jury returned nearly the same excessive amount for each of them.

As Amtrak pointed out at the pretrial conference, "that is our big concern, that it is all going to be a mush for the jury in terms of one plaintiff." (Tr. 19). Of course, due to the way plaintiffs conducted the trial and the resulting verdicts, that is precisely what occurred. It is now clear that

---

[1] If Plaintiff is allowed to offer at trial any of the new opinions just disclosed to Amtrak, the only way that the prejudice could be cured is to try Mr. Harris' case near the end of the current docket.

STATUS REPORT ON RESETTING FOR TRIAL - 3
Case No. 2:18-cv-00134-BHS

LUVERA LAW FIRM
ATTORNEYS AT LAW

6700 COLUMBIA CENTER • 701 FIFTH AVENUE
SEATTLE, WASHINGTON 98104
(206) 467-6090

trying these cases on a consolidated basis is untenable and highly prejudicial to Amtrak. In addition to being unfair, consolidated trials dramatically increase the risk of error at the trial level, despite the Court's best efforts to avoid them. Nor, in light of the admission of liability, is there a significant overlap of issues, as each plaintiff's injuries are unique and any verdict should be based solely on the evidence with respect to that plaintiff. It simply is unfair for evidence of injuries to another plaintiff to be utilized to seek an excessive award to another plaintiff.

Furthermore, the realities of the Court's docket dictate that the *Harris* matter be tried in later in 2020 or in 2021. At present, Defense counsel has the following trial unavailability through 2021, primarily due to the number of trials previously set for related cases:

October 21, 2019-November 14, 2019

November 19, 2019-December 23, 2019

January 27, 2020-February 11, 2020

February 24, 2020-March 9, 2020

March 25, 2020-April 20, 2020

April 28, 2020-May 7, 2020

May 22, 2020-July 4, 2020

July 20, 2020-August 12, 2020

August 25, 2020-September 4, 2020

September 14, 2020-September 18, 2020

September 29, 2020-October 16, 2020

November 10, 2020-November 22, 2020

December 1, 2020-December 13, 2020

January 2, 2021-January 24, 2021

STATUS REPORT ON RESETTING FOR TRIAL - 4
Case No. 2:18-cv-00134-BHS

LUVERA LAW FIRM
ATTORNEYS AT LAW

6700 COLUMBIA CENTER • 701 FIFTH AVENUE
SEATTLE, WASHINGTON 98104
(206) 467-6090

February 2, 2021-February 25, 2021

March 9, 2021-March 17, 2021

March 23, 2021-March 31, 2021

April 27, 2021-May, 29, 2021

June 1, 2021-June 12, 2021

June 15, 2021-July 2, 2021

August 31, 2021-September 3, 2021

September 14, 2021-October 4, 2021

Amtrak objects to consolidation of Harris with Rincon and Barrett for the same reasons as it opposes consolidation with the Linton, Vaughns and Mitchum matters, in addition to the reasons it initially opposed consolidation prior to the trial of the Wilmotte and Skyllingstad matters.

DATED this 4th day of October, 2019.

      LUVERA LAW FIRM

      */s/ David M. Beninger*
      David M. Beninger, WSBA 18432
      Andrew Hoyal, WSBA 21349
      Patricia Anderson, WSBA 17620
      701 Fifth Avenue, Suite 6700
      Seattle, WA 98104-7016
      Telephone: 206-467-6090
      Facsimile: 206-467-6961
      Email: david@luveralawfirm.com
            andy@luveralawfirm.com
            patricia@luveralawfirm.com

      Attorneys for Plaintiff Harris

      LANE POWELL PC

      */s/ Tim D. Wackerbarth*
      Tim D. Wackerbarth, WSBA 13673
      Andrew G. Yates, WSBA 34239
      Warren E. Babb, Jr., WSBA 13410
      Katie D. Bass, WSBA 51369

STATUS REPORT ON RESETTING FOR TRIAL - 5
Case No. 2:18-cv-00134-BHS

LUVERA LAW FIRM
ATTORNEYS AT LAW
6700 COLUMBIA CENTER • 701 FIFTH AVENUE
SEATTLE, WASHINGTON 98104
(206) 467-6090

1420 Fifth Avenue, Suite 4200
P.O. Box 91302
Seattle, WA  98111-9402
Telephone: 206-223-7000
Facsimile: 206-223-7107
Email: wackerbarth@lanepowell.com
yatesa@lanepowell.com
babbw@lanepowell.com
bassk@lanepowell.com

LANDMAN CORSI BALLAINE & FORD, PC

*/s/ Mark S. Landman*
Mark S. Landman, *Pro Hac Vice*
mlandman@lcbf.com
John A. Bonventre, *Pro Hac Vice*
jbonventre@lcbf.com

Attorneys for Defendant National Railroad Passenger Corporation

STATUS REPORT ON RESETTING FOR TRIAL - 6
Case No.  2:18-cv-00134-BHS

**LUVERA LAW FIRM**
ATTORNEYS AT LAW

6700 COLUMBIA CENTER • 701 FIFTH AVENUE
SEATTLE, WASHINGTON  98104
(206) 467-6090

## CERTIFICATE OF SERVICE

I hereby certify that on the below date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Tim D. Wackerbarth
Andrew G. Yates
Warren E. Babb, Jr.
Katie Bass
Lane Powell, PC
1420 Fifth Avenue, Suite 4200
PO Box 91302
Seattle, WA  98111-9402
Telephone:  206.223.7000
Facsimile:  206.223.7107
wackerbartht@lanepowell.com
yatesa@lanepowell.com
babbw@lanepowell.com
bassk@lanepowell.com

DATED this 4th day of October, 2019, at Seattle, Washington.

*/s/ Patti L. Bennett*
PATTI L. BENNETT
Paralegal
Luvera Law Firm
701 Fifth Avenue, Suite 6700
Seattle, WA  98104-7016
Telephone: 206.467.6090
Facsimile: 206.467.6961
patti@luveralawfirm.com

STATUS REPORT ON RESETTING FOR TRIAL - 7
Case No.  2:18-cv-00134-BHS

**LUVERA LAW FIRM**
ATTORNEYS AT LAW

6700 COLUMBIA CENTER • 701 FIFTH AVENUE
SEATTLE, WASHINGTON  98104
(206) 467-6090