UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AARON HARRIS,<br><br>          Plaintiff,<br><br>   v.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION,<br><br>          Defendant. | CASE NO. C18-134 BHS<br><br>ORDER DENYING PLAINTIFF'S MOTION TO CONSOLIDATE, DENYING DEFENDANT'S MOTION TO STRIKE SUPPLEMENTARY EXPERT REPORTS, AND SETTING CASE FOR TRIAL |

This matter comes before the Court on Plaintiff Aaron Harris's ("Harris") motion to consolidate cases, Dkt. 164, and Defendant National Railroad Passenger Corporation d/b/a Amtrak's ("Amtrak") motion to strike supplementary expert reports by Dr. Richard Seroussi ("Seroussi"), Anthony J. Choppa ("Choppa"), C. Frederick DeKay ("DeKay"), and Wilson C. "Toby" Hayes ("Hayes") and preclude these experts from relying on these supplementary expert reports at trial, Dkt. 166. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies Harris's motion to consolidate and denies Amtrak's motion to strike supplementary expert reports for the reasons stated herein.

ORDER - 1

# I. PROCEDURAL AND FACTUAL BACKGROUND

On January 12, 2018, Harris filed a complaint against Amtrak in King County Superior Court for the State of Washington asserting a claim for negligence and a claim for violation of Washington's Consumer Protection Act ("CPA") based on injuries Harris sustained in the December 18, 2017 Amtrak derailment. Dkt. 1-1. On January 29, 2018, Amtrak removed the matter to this Court. Dkt. 1.

On December 12, 2018, the Court granted a stipulated motion to consolidate this matter for trial with two similar matters, *Wilmotte v. National Railroad Passenger Corporation*, C18-0086BHS, and *Skyllingstad v. National Railroad Passenger Corporation*, C18-0648BHS. Dkt. 38.

On September 3, 2019, the consolidated case proceeded to trial. Dkt. 146. On September 5, 2019, the jury heard testimony from Seroussi on the diagnosis and treatment of Harris's injuries. Dkt. 152. On cross-examination, Seroussi explained that he had examined Harris in August of 2018, as reflected in his expert report produced in discovery, but had also examined him a few days prior to trial. *Id*. at 1, 3. Amtrak objected on the basis that it did not receive a report of the most recent examination. *Id*. at 3. After hearing argument from the parties, the Court concluded that Seroussi's testimony must be struck in some way because Seroussi testified as to Harris's injuries up to trial. *Id*. at 4. The Court considered supplemental briefing, concluded it could not craft an appropriate curative or limiting instruction and gave the parties the opportunity to craft such an instruction. *Id*. at 5. The Court informed the parties on the record that if a mistrial is declared, "the defense should understand that it is likely the Court will, without now

ruling, allow Mr. Harris, in a subsequent trial, to present his evidence on permanency and prognosis for future impairments." Dkt. 156 at 6–7. After the parties were unable to agree on an instruction, the Court informed the jury that Harris's case would no longer proceed, and trial proceeded with the other plaintiffs. *Id.* at 21. On September 11, 2019, the Court formally granted Amtrak's motion for a mistrial. Dkt. 152.

## II. DISCUSSION

### A. Motion to Strike Expert Reports

Federal Rule of Civil Procedure 26(e) "requires supplementation of an initial expert disclosure 'if the party learns that in some material respect the disclosure . . . is incomplete or incorrect . . . .'" *Luke v. Family Care & Urgent Med. Clinics*, 323 F. App'x 496, 500 (9th Cir. 2009). Supplementation means "correcting inaccuracies, or filling in the interstices of an incomplete report based on information that was not available at the time of the initial disclosure." *Id.* (quoting *Keener v. United States*, 181 F.R.D. 639, 640 (D. Mont. 1998)). Federal Rule of Civil Procedure 37(c)(1) requires the exclusion of late-disclosed evidence, a sanction which is "self-executing" and "automatic," and is avoided only if the party facing exclusion shows that the untimely disclosure was "substantially justified" or is "harmless." *See Torres v. City of Los Angeles*, 548 F.3d 1197, 1212–13 (9th Cir. 2008). While "'[t]he fact that a case has been reset for trial is not automatically a justifiable reason to reopen discovery,'" *Bradshaw v. FFE Transp. Serv's, Inc.*, 715 F.3d 1104, 1108 (8th Cir. 2013) (quoting *Harris v. Steelweld Equip. Co.*, 869 F.2d 396, 400 (8th Cir. 1989)), a case's schedule may be modified "for good cause and with the judge's consent," Local Rules W.D. Wash. LCR 16(b)(6).
ORDER - 3

The Court previously indicated that Harris would likely be permitted to present his evidence on permanency and prognosis for future impairments when this case was reset for trial. Dkt. 156 at 6–7. The Court now finds that the key change Amtrak has identified to Seroussi's supplemental expert report, which is more current information about Harris's recovery, reasonably constitutes information that was not available at the time the initial expert report was disclosed and does not reflect a new theory of liability or correct errors in the previous report. Amtrak was made aware of the key change to Seroussi's opinion at trial so it is not surprised by the additional information; additional discovery will allow Amtrak to cure any prejudice; the Court anticipates the additional discovery will not disrupt rescheduling this matter for trial; and the Court did not find the failure to disclose was willful or in bad faith. *Lanard Toys Ltd. v. Novelty*, 375 F. App'x 705, 713 (9th Cir. 2010) (courts may consider prejudice or surprise, ability to cure prejudice, likelihood of disruption of trial, and bad faith or willfulness in failure to timely disclose when considering Fed. R. Civ. P. 37(c) sanctions).

Additionally, regarding Amtrak's objections as to Seroussi's qualifications to testify about Harris's prognosis, the Court has allowed and will allow a qualified physiatrist to provide testimony concerning an area outside his medical specialty so long as he still meets the *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 597 (1993) standards. Physiatrists, as with other specialists, are permitted to rely on the records of other treating and examining physicians. If Seroussi can lay a foundation that he has the knowledge, training, and experience to evaluate the nature and extent of Harris's injury as it related to future treatment and rehabilitation and the limits of those modalities and

make a prognosis, the Court will permit his testimony. Therefore, the Court denies the motion to strike as to Seroussi.

As to Choppa, the Court finds that the update to his vocational projections to which Amtrak objects is reasonably based on the new information contained in Seroussi's supplemental report. As to DeKay, Amtrak objects that his supplemental report contains substantial upward revisions of Harris's total compensations losses and care costs, past and future earnings, present value of the estimated costs of care specified by the life care planners, and additional evaluations, treatment protocols, and updated pricing. Dkt. 166 at 5–6. Harris counters that the revisions Amtrak cites are not as substantial as Amtrak argues because Amtrak focused on DeKay's December 7, 2018 report and failed to analyze his March 2019 report. Dkt. 171 at 10. DeKay also declares that he updated his report with the relevant current U.S. economic data. Dkt. 174. The Court concludes that the updates to DeKay's report appear to reasonably correspond to the updates in Choppa's report and the more current U.S. economic data. Additional discovery will permit Amtrak to understand and analyze any additional information DeKay received from Harris's counsel. *See* Dkt. 175 at 5. Therefore, the Court denies the motion to strike as to Choppa and DeKay.

As to Hayes, Amtrak objects to the portion of his supplemental expert report which refers to Shauna Stern's ("Stern") trial testimony as lacking foundation. Dkt. 166 at 6–7. Amtrak also argues that Hayes' testimony would be irrelevant and prejudicial. *Id.* at 12. Stern testified to Harris's location in the train car, his trajectory during the crash, and that he hit his head on a window ledge leaving hair and what Stern believed to be

brain tissue. *Id*. Amtrak objects that the testimony lacks foundation because the hair and tissue have not been tested to confirm they are Harris's, that Stern's testimony was uncertain on identifying brain tissue and identifying tissue is beyond the scope of a lay witness, and that because Hayes is not a medical expert, he is not qualified to testify about the extent of Harris's injuries. *Id*. at 7, 11; Dkt. 175 at 6. Harris simply counters that trial testimony is new evidence Hayes may rely on to support his opinion on the cause of Harris's injuries. Dkt. 171 at 12. Hayes's specific opinion that Harris "impacted his head in the vicinity of the window ledge where Ms. Stern found hair and what she believed to be brain tissue and came to rest where she found him . . ." does not appear to explicitly opine that the tissue observed *was* brain tissue or that it did in fact belong to Harris. The Court agrees with Amtrak that without more it would be improper and potentially prejudicial for Hayes to opine that brain tissue was present or that the blood and tissue belonged to Harris but does not read his opinion as stated to necessarily make these assertions (without now ruling on objections which may be raised at trial).[1] Additionally, regarding relevance of Hayes's testimony generally, assuming a foundation is laid Hayes's testimony may be relevant to the particular issue of the force of the impact Harris experienced during the accident; Harris does not appear to intend to offer further evidence through Hayes. Therefore, the Court declines to exclude Hayes's supplemental report or testimony based on Amtrak's objections.

---

[1] Without more than is currently in the record and without more foundation being laid, it is unlikely that the Court will permit testimony from Hayes referring to a substance as brain material.

However, the Court also finds good cause to modify the scheduling order for the limited purpose of allowing Amtrak an opportunity to take the deposition of Seroussi, Choppa, DeKay, and Hayes, submit supplemental expert and/or rebuttal reports, and conduct a supplemental independent medical examination of Harris if necessary. The Court anticipates the additional depositions may be accomplished by phone or videoconference and expects that the parties will work together expeditiously to facilitate the additional discovery the Court has indicated will be necessary.

**B.      Motion to Consolidate**

If actions before the court involve a common question of law or fact, the court may consolidate the matters for trial. Fed. R. Civ. P. 42(a). "The district court has broad discretion under this rule to consolidate cases pending in the same district." *Inv'rs Research Co. v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989).

Harris seeks to consolidate his case with similar matters pending before the Court—either *Linton v. National Railroad Passenger Corporation*, C18-5564BHS ("*Linton*"), set for trial on January 28, 2020, or *Barrett v. Amtrak*, C18-5572BHS, set for trial on February 25, 2020 ("*Barrett*"). Dkt. 164.[2, 3]

While consolidation would allow the most efficient use of the Court's resources, in order to allow sufficient time for the additional discovery described above the Court

---

[2] *Linton* had previously been consolidated for trial with *Mitchem v. National Railroad Passenger Corp.* ("*Mitchem*"), C18-5366BHS and *Vaughns v. National Railroad Passenger Corp.* ("*Vaughns*"), C18-5823BHS, but all claims settled in *Mitchem*, C18-5366BHS, Dkt. 52, and the Court granted the parties' stipulated motion to sever *Linton* from *Vaughns*. *Id*. Dkt. 69.

[3] *Barrett* had been consolidated for trial with *Rincon v. National Railroad Passenger Corp.* ("*Rincon*"), C18-5415BHS, but all claims in *Rincon* have settled. C18-5415BHS Dkt. 52.

concludes this case should be reset for trial on March 17, 2020. The parties shall meet and confer as to a modified scheduling order to permit the necessary discovery and shall update the Court no later than January 22, 2020.

### III.  ORDER

Therefore, it is hereby **ORDERED** that Harris's motion to consolidate, Dkt. 164, is **DENIED**, and Amtrak's motion to exclude experts, Dkt. 166, is **DENIED**. The Clerk shall set this matter for trial on March 17, 2020.

Dated this 15th day of January, 2020.

BENJAMIN H. SETTLE
United States District Judge